834 So.2d 368 (2003)
K.B., Mother of R.A.D., A Child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D02-1629.
District Court of Appeal of Florida, Fifth District.
January 10, 2003.
Ryan Thomas Truskoski of Ryan Thomas Truskoski, P. A., Orlando, for Appellant.
*369 Jodi Abramowitz of Department of Children and Family Services, Orlando, for Appellee.
ORFINGER, J.
K.B., the mother of R.A.D., a two-year-old child, appeals the trial court's order terminating her parental rights. While the mother concedes the existence of at least one ground for termination of parental rights under section 39.806, Florida Statutes (2002), she contends that the Department of Children and Families (DCF) failed to prove that termination was in the manifest best interest of the child and was the least restrictive means of preventing harm to the child because R.A.D. could have been placed with her maternal great-grandmother. We affirm.
The trial court's conclusion that placement with the maternal great-grandmother was inappropriate is supported by competent, substantial evidence. We observe, as we have before, that the "least restrictive means" test set out in Padgett v. Department of Health and Rehabilitative Services, 577 So.2d 565, 571 (Fla.1991) is not intended to preserve the parental bonds at the cost of a child's future. See Dep't of Children & Families v. B.B., 824 So.2d 1000, 1009 (Fla. 5th DCA 2002). The "least restrictive means" test simply requires that measures short of termination be utilized if such measures would permit the safe re-establishment of the parent-child bond. The trial judge found that not to be the case here, and that conclusion is supported by the evidence.
AFFIRMED.
SHARP, W. and GRIFFIN, JJ., concur.